**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORBERTO OSORIO SANCHEZ,

Petitioner,

v. Case No. 3:26-cv-2172-WWB-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

# ORDER

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1 at 7). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the North Florida Detention Center. (*Id.* at 1). According to Petitioner, his removal order became final the day that ICE detained him—July 23, 2026. (*Id.* at 5). Petitioner contends that he remains in ICE custody and that his prolonged detention violates his due process rights seemingly under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] (*See id.* at 2, 7). As relief, Petitioner requests that the Court order his immediate release. (*Id.* at 8).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. 533 U.S. at 701. The Court also

---

[1] Although Petitioner does not cite *Zadvydas*, his allegations resemble the language used in *Zadvydas*. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe pro se filings.").

concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C. § 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)-(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period. *See* 8 U.S.C. § 1231(a)(2).

Here, under *Zadvydas*, Petitioner's "removal period" began the date he contends that his removal order became final, July 23, 2026. (Doc. 1 at 5). When Petitioner filed the Petition on August 13, 2026, he had been in post-removal-order custody for 21 days (excluding the date on which the Petition was filed). Thus, any *Zadvydas* claim in this action is not yet ripe and is dismissed without prejudice as premature.

Also, to the extent that Petitioner seeks to raise a freestanding procedural or substantive due process claim, the Court notes that when the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. So, until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric.

*Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Thus, any independent due process claim fails.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 26, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: Norberto Osorio Sanchez, A088332015